Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSA M. WILLIAMS-HOPKINS, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>ACCELERATED RECEIVABLES MANAGEMENT, INC.; FRANCINE CLAIR LANDAU; and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Rosa M. Williams-Hopkins, by way of Class Action Complaint against Defendants Accelerated Receivables Management, Inc., and Francine Clair Landau (and John Does 1 to 10) states:

### I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, failing to identify the name of the creditor to whom the debt is owed; and failing to give proper notice about their important statutory rights under section 1692g.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.  PARTIES

5. Plaintiff Rosa M. Williams-Hopkins ("Plaintiff" or "Williams-Hopkins") is a natural person residing in Passaic County, New Jersey.

6. Defendant Accelerated Receivables Management, Inc., ("ARM") is a collection agency with its principal place of address located at 3740 Beach Boulevard, Suite 307-A, Jacksonville, Florida, 332207.

7. Defendant Francine Clair Landau, ("Landau") is the shareholder, partner, president, secretary, treasurer and director of ARM.

8. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.  FACTS

**A. Background**

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. The principal purpose of Defendants is the collection of debts.

13. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14. Landau is a collection attorney whose primary business is debt collection.

15. Furthermore, at all times relevant hereto, Landau, as a principal owner, officer, director, shareholder, and/or managing partner of ARM, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by herself and other employees of ARM complained of herein.

16. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

17. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Account was past-due and in default.

20. Defendants are debt collectors.

21. The Account was assigned to Defendants for collecting the Debt.

22. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Violations of the FDCPA**

23. In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on November 2, 2017 (the "11/2/17 Letter"). A true but redacted copy of the 11/2/17 Letter is attached as ***Exhibit A***.

24. The 11/2/17 Letter was the initial written communication from Defendants to Plaintiff concerning the Debt.

25. Plaintiff received and reviewed the 11/2/17 Letter, which states: "FRANCINE CLAIR LANDAU" and right below it "Attorney at Law."

26. Landau signed the 11/2/17 Letter as an "Attorney at Law."

27. Landau is an attorney who is *not* licensed in the State of New Jersey.

28. Upon information and belief, no attorney at Landau's office is licensed in the State of New Jersey.

29. Upon information and belief, Landau did not independently review or evaluate or exercise professional judgment regarding the accuracy and the merits of the alleged account prior to sending an initial collection letter on her attorney letterhead to the Plaintiff.

30. Plaintiff and "the least sophisticated debtor, upon receiving these letters, would believe that they had been sent by an attorney who might pursue legal action if he did not pay the debt." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1002 (3d Cir. 2011).

31. "[A]n unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. . . . [I]t [is] misleading and deceptive for [Defendants] to raise

the specter of potential legal action by using its law firm title to collect a debt when the firm was not acting in its legal capacity when it sent the letters. *Lesher*, 650 F.3d at 1003 (citations and internal quotation marks omitted).

32. Second, the 11/2/17 Letter does not identify the name of the creditor to whom the debt is owed.

33. By failing to identify the creditor of the Debt, the 11/2/17 Letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

34. Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

35. Third, the 11/2/17 Letter states: Please contact us at the above numbers to resolve the matter or to provide us proof of the above coverages."

36. Section 1692g(a) of the FDCPA requires a debt collector to convey to the consumer important statutory rights ("Validation Notice").

37. The Validation Notice is an important statutory right which must be sufficiently prominent and be readily noticed.  It cannot be overshadowed by its placements, other languages or notice in the letter.

38. However, the Validation Notice on the 11/2/17 Letter is overshadowed and contradicted by a statement "[p]lease contact us at the above numbers to resolve the matter or to provide us proof of the above coverages."

39. Lastly, the Validation Notice was defective as the 11/2/17 Letter also failed to include "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof,** is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector[.]" 15 U.S.C. § 1692g(a)(4) (emphasis added).

40. Thus, the least sophisticated consumer would be mislead into believing that the entire debt had to be disputed and that disputing a portion of the debt would be of no use.

41. Therefore, the 11/2/17 Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

42. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), and 1692g(a)(4).

43. Defendants used the same procedures that they employed in sending the 11/2/17 Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

### V.   CLASS ACTION ALLEGATIONS

44. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the State of New Jersey to whom, beginning November 1, 2017, through and including the final resolution of this case, Defendants sent a written communication in the same or similar form as Exhibit A.

45. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class

certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the 11/2/17 Letter.

46. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

47. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

48. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

> A.  Whether Defendants are debt collectors under the FDCPA;
>
> B.  Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), and 1692g(a)(4); and
>
> C.  Whether Plaintiff and the class are entitled to damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

50. The claims of the Plaintiff are typical of the claims of the members of the class.

51. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

52. Plaintiff does not have interests antagonistic to those of the class.

53. The class, of which Plaintiff is a member, is readily identifiable.

54. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

55. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.  VIOLATIONS OF THE FDCPA

57. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

58. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

59. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

60. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

61. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

62. The 11/2/17 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

63. Defendants violated the FDCPA, including but not limited to the following:

   a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

   b. Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

   c. Defendants falsely threatened to take action that they did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(8);

   d. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

   e. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

   f. Defendants failed to state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§ 1692g and 1692g(a)(2); and

   g. Defendants failed to give proper notice of consumer's rights under and in violation of 15 U.S.C. §§ 1692g and 1692g(a)(4)

64. The violations of the FDCPA described herein constitute *per se* violations.

65. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rosa M. Williams-Hopkins demands judgment against Defendants Accelerated Receivables Management, Inc., and Francine Clair Landau, as follows:

   A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.     For pre-judgment and post-judgment interest; and

G.     For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*

Dated: November 1, 2018

Yongmoon Kim
*Attorneys for Plaintiff*